IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHRISTINE LEIGH SMITH,

    Plaintiff,

vs.                                                No. 12-2943-JDT-dkv

OFFICER AKINS; OFFICER WEADY;
CITY OF MEMPHIS; SHELBY COUNTY
SHERIFF'S DEPARTMENT; CLUB 152;
and JOHN and JANE JOE, Contract
Employees of Club 152,

    Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On October 30, 2012, the plaintiff, Christina Leigh Smith, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.) In an order issued on November 1, 2012, the court granted leave to proceed *in forma pauperis*, (D.E. 3), and referred the case to the *pro se* staff attorney for screening. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (D.E. 4.) For the reasons that follow, it is recommended that this case be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

In her complaint, Smith states "Akins and Weady broke my humurus [sic] bone on my left arm and are employed with the Shelby County Sheriffs Department by the City of Memphis. John and Jane Doe are employees or contract workers by the Club 152 where they through [sic] me against a wall and dragged me down 2 flights of stairs at the Club 152." (Compl., D.E. 1, § IV.) Named as defendants are Officer Akins 1726, Officer Weady 10876, City of Memphis, Shelby County Sheriffs Department, Club 152, and John and Jane Joe contract employees of Club 152.[1] Smith seeks "justice served in order for this type of brutality to not occur to another individual." She states she was not able to work, incurred hospital and medical expenses. She further states, "My arm will never be the same again from this abuse and was tramatizing [sic] for myself, my two children and parents to see." (Compl., D.E. 1, § V.)

II. PROPOSED CONCLUSIONS OF LAW

A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue

---

[1] Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against "John and Jane Doe" defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that the complaint be dismissed against the John and Jane Joe defendants.

2

summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

(I)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.  <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still

requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir.

4

2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Claims Under 42 U.S.C. § 1983</u> (Compl., D.E. 1)

Using a court-supplied complaint form, Smith alleges violation of her civil rights under 42 U.S.C. § 1983.

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

1. *Claims Against Akins and Weady*

Smith names Akins and Weady as defendants in the caption of the complaint but she identifies them only by the title "officer", their last names, and numbers beside their last names. In the body of the complaint, Smith states, "Defendant [sic] Akins 1726, Weady 10076 is employed as Shelby County Sheriffs Department by the City of Memphis." (Compl., D.E. 1, § III.C. & IV.) The Shelby County Sheriffs Department and the City of Memphis are two separate government entities. Smith has failed to properly identify Akins and Weady as employees of either entity. She has not alleged their addresses, and without knowing where they are employed, service cannot be made on them. Moreover, Smith fails to allege that the actions of Akins and Weady were taken while on duty as officers of the Sheriff's Department or City of Memphis as opposed to being off duty as private security guards. In other words, Smith's complaint lacks any allegations that the actions of Akins and Weady were under color of state law. Moreover, Smith fails to allege the date of the incident in question, and without the date the court is unable to determine if Smith's complaint is timely filed. Accordingly, it is recommended that Smith's claims against Akins and Weady be dismissed for failure to state a claim.

2. *Claims Against Club 152*

"A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v.*

6

*Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint does not allege any actions of Club 152 that can be attributed to the state. Accordingly, it is recommended that any claim under 42 U.S.C. § 1983 against Club 152 be dismissed for failure to state a claim.

   *2. Claims Against the City of Memphis and Shelby County Sheriffs Department*

When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.[2] *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

A municipality "cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978)(emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is

---

   [2] The same analysis applies to § 1983 lawsuits against other local governmental entities such as a county. See, *e.g.*, *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241 (6th Cir. 1989). For purposes of the court's screening, the court will treat Smith's claims against the Shelby County Sheriffs Department as claims against Shelby County.

limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986))(emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)(citation omitted)).

In the instant case, Smith has not alleged that Akins and Weady acted pursuant to a municipal policy or custom in causing her alleged harm, and nothing in the complaint demonstrates that Akins' and Weady's action occurred as a result of a policy or custom implemented or endorsed by the City of Memphis or Shelby County.

8

Consequently, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against the City of Memphis or Shelby County Sheriffs Department, and it is recommended that any claim under 42 U.S.C. § 1983 against the City of Memphis and Shelby County Sheriffs Department be dismissed for failure to state a claim.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* against all defendants for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted.

Respectfully submitted this 23rd day of July, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.